IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARILYN JOHNICAN,<br><br>             Plaintiff,<br><br>v.<br><br>SAGE PARK PLACE, INC. and<br>JAMES LIAKAKOS<br><br>             Defendants. | CIVIL NO. 1:13-cv-01417-SCJ |
| REVISA DENEGALL,<br><br>             Plaintiff,<br><br>v.<br><br>SAGE PARK PLACE, INC. and<br>JAMES LIAKAKOS<br><br>             Defendants. | CIVIL NO. 1:13-cv-02038-WSD |

## JOINT MOTION TO CONSOLIDATE CASES AND NOTICE OF SETTLEMENT

Plaintiffs Marilyn Johnican and Revisa Denegall (hereinafter, "Plaintiffs")

and Defendants Sage Park Place, Inc. and James Liakakos (hereinafter

"Defendants") move the Court, pursuant to Rule 42 of the Federal Rules of Civil

Procedure, to consolidate the above-captioned cases.  Plaintiffs and Defendants

also wish to inform the Court that the above-captioned matters have been settled.

In support of their motion, the parties assert the following:

## I.   <u>RELEVANT BACKGROUND FACTS</u>

1.      Plaintiff Johnican filed CIVIL NO. 1:13-cv-01417-SCJ on April 29, 2013.

2.      Plaintiff Denegall filed CIVIL NO. 1:13-cv-02038-WSD on June 18, 2013.

3.      The parties attended a one-day mediation of both cases on August 29, 2013 with mediator Ellen Malow, Esq.

4.      The parties ultimately agreed upon the full and complete settlement terms of both matters on September 23, 2013.

5.      The parties also mediated and settled the claims of two other employees represented by counsel for Plaintiffs.

6.      In short order, the parties will be filing a Motion to Amend Plaintiffs' Complaints to add the two other employees along with a Motion to Approve all four Settlement Agreements.

7.      In the meantime, the parties wish to consolidate the above-captioned cases in order to promote convenience and judicial economy.

## II. <u>LEGAL STANDARD</u>

Federal Rule of Civil Procedure 42(a) provides, in relevant part, that "'[i]f actions before the court involve a common question of law or fact, the court may . . . (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.'" Fed. R. Civ. P. 42(a). "Rule 42 is designed to encourage consolidation and is a 'managerial device [that] makes possible the streamlined processing of groups of cases, often obviating the need for multiple lawsuits and trials.'" 8 James W. Moore, et al., Moore's Federal Practice § 42.10, at 42-8 (3rd ed. 2005). A district court has authority to order consolidation "[w]hen actions involving a common question of law or fact are pending before the court." Fed. R. Civ. P. 42(a).

The Eleventh Circuit has explained that consolidation pursuant to Rule 42(a) "is permissive and vests a purely discretionary power in the district court." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (quoting *In re Air Crash Disaster at Florida Everglades*, 549 F.2d 1006, 1013 (5th Cir. 1977)). In exercising that discretion, district courts must weigh the risk of prejudice and confusion wrought by consolidation against the risk of inconsistent rulings on common factual and legal questions, the burden on the parties and the court, the length of time, and the relative expense of proceeding with separate lawsuits if they are not consolidated. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d

1492, 1495 (11th Cir. 1985); *Jackson v. Ford Consumer Finance Co.*, 181 F.R.D. 537, 539 (N.D. Ga. 1998); *State of Ohio ex rel. Montgomery v. Louis Trauth Dairy, Inc.*, 163 F.R.D. 500, 503 (S.D. Ohio 1995) (in determining whether consolidation is appropriate, "the court balances the value of time and effort saved by consolidation against the inconvenience, delay, or expense increased by it"). "Actions that involve the same parties are apt candidates for consolidation … [and] consolidation is particularly appropriate when the actions are likely to involve substantially the same witnesses and arise from the same series of events or facts." *Hanson v. District of Columbia*, 257 F.R.D. 19, 21 (D.D.C. 2009); *see also Vazquez Rivera v. Congar Int'l Corp.*, 241 F.R.D. 94, 95 (D.P.R. 2007) (explaining that consolidation is intended to avoid overlapping trials containing duplicative proof, excessive cost, and waste of valuable court time in the trial of repetitive claims, among other considerations).  Ultimately, district courts in this Circuit have been "encouraged … to make good use of Rule 42(a) … in order to expedite the trial and eliminate unnecessary repetition and confusion."  *Hendrix*, 776 F.2d at 1495 (citation and internal quotation marks omitted).

## III.   ARGUMENT

It is clear that the FLSA claims of Plaintiffs Johnican and Denegall are related and share common issues of fact and law.  The plaintiffs were employed by the same restaurant, were subject to the same policies and procedures, and allege

the exact same violations of the FLSA in their respective Complaints.  They are represented by the same counsel and attend the same mediation with Defendant. Thus, there is complete overlap with respect to Plaintiffs' FLSA claims. Moreover, the Court's analysis of whether the settlement agreements should be approved by this Court will be the same.

In addition, consolidation of these cases avoids duplicative motions to approve settlement agreements and potentially inconsistent rulings.  In short, substantial reasons exist to consolidate these cases and little, if any, reason exists that contradicts such a consolidation.  Accordingly, the parties respectfully request that the Court consolidate these cases.

Dated:  September 27, 2013

Respectfully submitted,

*/s/ John L. Mays (with express permission*)
Georgia Bar No. 986574
MAYS & KERR LLC
229 Peachtree Street NE
Suite 980
Atlanta, Georgia 30303
Tel: (404) 410-7998
Fax: (404) 855-0820
john@maysandkerr.com

ATTORNEYS FOR PLAINTIFF

*/s/ Eric Magnus*
Eric R. Magnus

Georgia Bar No. 801405
magnuse@jacksonlewis.com
JACKSON LEWIS LLP
1155 Peachtree Street, NE
Suite 1000
Atlanta, Georgia 30309
Tel: (404) 525-8200
Fax: (404) 525-1173

Paul S. Suda
Georgia Bar No. 690748
sudalaw@bellsouth.net
1362 Salem Drive
Alpharetta, Georgia 30009
Tel: (404) 219-1775
Fax: (404) 664-7128

ATTORNEYS FOR DEFENDANTS

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MARILYN JOHNICAN,<br><br>      Plaintiff,<br><br>v.<br><br>SAGE PARK PLACE, INC. and<br>JAMES LIAKAKOS<br><br>      Defendants. | CIVIL NO. 1:13-cv-01417-SCJ |
| REVISA DENEGALL,<br><br>      Plaintiff,<br><br>v.<br><br>SAGE PARK PLACE, INC. and<br>JAMES LIAKAKOS<br><br>      Defendants. | CIVIL NO. 1:13-cv-02038-WSD |

## CERTIFICATE OF SERVICE

I certify that on September 27, 2013, I electronically filed the foregoing

**JOINT MOTION TO CONSOLIDATE CASES AND NOTICE OF SETTLEMENT** with the Clerk of the Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John L. Mays (john@maysandkerr.com)

Jeff Kerr (jeff@maysandkerr.com)

Craig Nydick (craig@maysandkerr.com)


/s/ Eric Magnus

Eric R. Magnus


4811-9048-5270, V. 1